**Abatement Order filed March 5, 2020**



In The

# Fourteenth Court of Appeals

_____

NO. 14-19-00263-CR
NO. 14-19-00264-CR
NO. 14-19-00265-CR
_____

**RODERICK PALMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause Nos. 1557128, 1557129, and 1557130**

## ORDER

Appellant's appointed counsel, Douglas M. Durham, filed briefs concluding these appeals are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). To comply with the requirements set forth in *Anders*, a motion to withdraw as counsel for appellant must be filed in each appeal. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). On February 13, 2020, we ordered Durham to file a motion

to withdraw in each appeal by February 23, 2020. We cautioned that if Durham failed to comply, his briefs might be stricken and the appeals abated for appointment of new counsel. No motions to withdraw have been filed.

Accordingly, we direct the judge of the 174th District Court to conduct a hearing immediately at which appellant, Durham, and counsel for the State shall participate to determine the reason for Durham's failure to file motions to withdraw. Appellant may participate by videoconference. The judge shall either (1) establish a date certain by which Durham will file motions to withdraw in this court, or (2) allow Durham to withdraw and appoint new counsel for appellant. If new counsel is appointed, the *Anders* brief Durham filed will be stricken, and new counsel will be required to file a new brief for appellant in each appeal.

The judge shall make findings of fact and conclusions of law, and a reporter's record of the hearing shall be made. The judge shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court by **April 6, 2020**. **If Durham files motions to withdraw in this court before the date set for the hearing, the appeals will be reinstated, and the trial court need not hold a hearing.**

The appeals are abated, treated as closed cases, and removed from this court's active docket. The appeals will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court also will consider appropriate motions to reinstate the appeals filed by either party, or the court may reinstate the appeals on its own motion.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Spain.

2